U.S. DISTRICT COURT
W.D.N.Y. BUFFALO

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

2005 JUL -1  AM 9: 09

_____

GENE M. COFFEY, 01-A-5210,

                    Plaintiff,

          -v-                                          05-CV-6133P

DR. CONIGLIO,                              MEMORANDUM and ORDER

                    Defendant.

_____

## INTRODUCTION

Plaintiff Gene M. Coffey, previously an inmate of the Elmira Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* (Docket No. 4) and filed a signed Authorization (Docket No. 2).   Plaintiff claims that the defendant, Dr. Coniglio, an orthopedic surgeon working at Wyoming County Community Hospital, violated his constitutional rights by the manner in which he provided medical care for plaintiff's injured knee.  For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, but unless plaintiff files an amended complaint as directed below, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*.  Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the

action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Based on its evaluation of the complaint, the Court finds that plaintiff's claim must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted, unless plaintiff files an amended complaint as directed below.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

**Plaintiff's Allegations**

Plaintiff alleges that he injured his knee falling in Elmira Correctional Facility.  After examination by Correctional Facility medical staff, he was seen and operated on by Dr. Coniglio, an orthopedic surgeon at a private hospital.  Subsequent to the surgery, which was apparently more extensive than plaintiff believed it would be, plaintiff's knee has continually "popped out of place."  Plaintiff alleges that Dr. Coniglio has "missed [sic] up" his right knee and he deserves compensation.

**State Actor**

As stated above, to establish a claim under 42 U.S.C. § 1983, plaintiff must allege that his rights were violated by a state actor.  Plaintiff does not allege that Dr. Coniglio was a state actor, or a person "acting under color of state law."  There are several circumstances under which a private doctor providing medical care in a private hospital could be acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 53, n. 10, 57 (1988) (private physician hired by state to provide medical care to prisoners was state actor because doctor was hired to fulfill state's constitutional obligation to attend to necessary medical care of prison inmates).  However, because plaintiff's *pro se* claim may be cognizable if it is amended, the Court will permit plaintiff to file an amended complaint with respect to the specific issues indicated below.  See, *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"), if, after careful consideration, plaintiff believes that he can state a cognizable

claim on each issue.  Because plaintiff, proceeding *pro se,* has failed to allege that Dr.

Coniglio was "acting under color of state law," he will be allowed an opportunity to amend

the complaint to allege facts that would establish that Dr. Coniglio was a state actor

pursuant to 42 U.S.C. § 1983.  Amendment will be discussed further below.

**Violation of the Right to be Free of Cruel and Unusual Punishment**

To show that prison medical treatment was so inadequate as to amount to "cruel or

unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that

defendants' actions or omissions amounted to "deliberate indifference to serious medical

needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Harrison v. Barkley*, 219 F.3d 132,

136-137 (2d Cir. 2000) ("A serious medical condition exists where 'the failure to treat a

prisoner's condition could result in further significant injury or the unnecessary and wanton

infliction of pain.'" (quoting *Chance, id., at* 702)).  As the Supreme Court explained in

*Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991), this standard includes both an objective and

a subjective component.  With respect to the objective component, the court must ask

whether there has been a sufficiently serious deprivation of the prisoner's constitutional

rights.  With respect to the subjective component, the court must consider whether the

deprivation was brought about by defendants in wanton disregard of those rights.  *Id*. To

establish deliberate indifference, therefore, plaintiff must prove that the defendants had a

culpable state of mind and intended wantonly to inflict pain.  *See Wilson*, 501 U.S. at 299,

111 S.Ct. 2321; *DesRosiers v. Moran*, 949 F.2d 15, 19 (1st Cir. 1991); *Steading v.*

*Thompson*, 941 F.2d 498, 500 (7th Cir. 1991), *cert. denied*, 502 U.S. 1108 (1992); *Ross*

*v. Kelly*, 784 F.Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992).

Plaintiff's allegation that, after surgery to repair his injured knee, his knee continues to "pop out of place" is sufficient for the purposes of this initial review to allege that he has a serious medical condition.

However, plaintiff has failed to allege facts sufficient to allow the Court to determine if he can state a claim of deliberate indifference, or even to determine if the claim is within the statute of limitations.  Plaintiff's Complaint consists of  sparsely filled out forms from the Northern District of New York for both 42 U.S.C. § 1983 and Title VII.  Yet in completing the forms, plaintiff has failed to state the most rudimentary of facts as to when he fell, what medical care he received, when he was operated on, what medical care he received after the surgery and what was done since the surgery to address his knee "popping out."  The Court notes that plaintiff has been released from the Department of Correctional Services' custody, which may well have affected his post surgery medical care.  As discussed above, because plaintiff's claim may be cognizable if amended, the Court will permit plaintiff to file an amended complaint as discussed below.

Plaintiff is cautioned that mere negligence or malpractice is not actionable.  "A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.  Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, or "incompatible with

the evolving standards of decency that mark the progress of a maturing society," *id.* at

105-06. It is clear, then, that allegations of malpractice do not state a constitutional claim.

*Id.*, 429 U.S. at 106 and n. 14, 97 S. Ct. 285; *Chance*, 143 F.3d at 703-04; *Ross*, 784

F.Supp. at 44.

Even if this claim were to demonstrate that the defendant committed medical

malpractice, plaintiff is foreclosed from raising the claim in federal court since a medical

malpractice claim, which is a type of negligence, is a state court tort claim. *Daniels v.*

*Williams*, 474 U.S. 327, 330-31 (1986) (mere negligence on the part of state officials is not

actionable under § 1983).

### Amending the Complaint

Plaintiff is directed to amend the complaint using the forms provided by the Western

District of New York for filing a claim pursuant to 42 U.S.C. § 1983. He must specifically

address whether defendant Coniglio is a state actor. He must also allege the facts that

make him believe that Dr. Coniglio was deliberately indifferent to his serious medical need,

rather than merely negligent. If plaintiff determines, upon further examination, that Dr.

Coniglio was merely negligent, plaintiff's only recourse may be in State Court.

### CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed

an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set

forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)

unless he files an amended complaint by **August 1, 2005,** in which he includes the

necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

## **ORDER**

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **August 1, 2005**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **August 1, 2005**, the complaint shall be dismissed with prejudice without further order of the Court;

SO ORDERED.

DATED:      Buffalo, New York
            _June 30___, 2005

                                        _____
                                        JOHN T. ELFVIN
                                        UNITED STATES DISTRICT JUDGE